**MERTENS et al. v. ROGAN.**
**Civil Action No. 3002-Y.**

District Court, S. D. California,
Central Division.
April 20, 1944.

Loeb & Loeb and George H. Zeutzius, all of Los Angeles, Cal., for plaintiffs.

Charles H. Carr, U. S. Atty., and Edward H. Mitchell, Asst. U. S. Atty., both of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause heretofore tried, argued and submitted, is now decided as follows:

That plaintiff, Fernand Mertens, also known as Fernand Gravet, do have judgment against the defendant in the sum of $9199.65, together with interest thereon at the rate of six per cent per annum from the 7th day of September, 1938; and that plaintiff, Victorine Catherine Renourd Mertens, do have judgment against the defendant in the sum of $9199.65, together with interest thereon at the rate of six per cent per annum from the 7th day of September, 1938, after reducing, as to each of said plaintiffs, each of said sums so as to limit the refund to the basis of the returns. The computation to be made in accordance with the facts in the case and the rules of this court.

Costs to the plaintiffs.

The Court makes the following findings on the facts involved:

At the time of the payment of the tax on September 7, 1938, the plaintiffs were husband and wife, married under the law of France, and were resident aliens of the United States.

The income on which the tax sought to be recovered was computed was community property of the plaintiffs.

When the plaintiff, Victorine Catherine Renourd Mertens, departed from the United States in June, 1938, and when the plaintiff, Fernand Mertens, departed from the United States in September, 1938, they did not intend to, and did not surrender, their status as resident aliens, but, on the contrary, they intended to return to the United States.

The taxes sought to be recovered were paid under the provisions of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1001 et seq., in order to obtain a Certificate of Compliance from the Collector of Internal Revenue, prior to departure from the United States.

In computing the tentative tax liability of each plaintiff herein, Nat Rogan, as Collector of Internal Revenue, wrongfully included in their community property income the sum of $40,017.41, as income "constructively received" from Loew's Inc., in the year 1938. This for the reason that the evidence shows, not only by a preponderance thereof, but without contradiction, that whatever understandings Fernand Mertens had with Loew's Inc. in regard to the payment of the tax on the income, was changed, when in the face of the erroneous demand of the Collector, the parties to the two agreements of July 29, 1938 (Exhibits 1 and 2), substituted a new agreement whereby it was agreed that Loew's Inc. should advance the tax demanded as a loan, to be adjusted later on when the full tax liability had actually been determined. This could not be done until after the taxable year had ended. All the contemporary conversations, including those had in the presence of the representatives of the Internal Revenue Bureau, all the documentary evidence, including the books of account of Loew's Inc., show that the loan arrangement was not a mere bookkeeping matter, resorted to with the view of avoiding the tax, but a new arrangement brought on by the erroneous demand of the Internal Revenue Collector.

To treat such a loan as income would require us to disregard unchallenged facts and acts, the good faith of which have not been impugned by the Government, and to substitute therefor highly speculative considerations which—despite the good faith of the collector and those who, with the best of motives, now seek to sustain his view—find no support in the record.

I am also of opinion that because the taxpayer did not file within the time required by law, or any legal extension thereof, a full return for the taxable year involved, his recovery should be on the basis of the partial returns on which the tax was paid, rather than on the refund schedules filed later, which claimed deductions for the remainder of the taxable year. The schedules attached to the refund claim cannot take the place of the complete and full return which was never filed.

Hence the ruling above made.

Formal findings and judgment to follow.